**WO** RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Penny,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Joseph M. Arpaio,<br><br>　　　　Defendant. | No. CV-05-2864-PHX-SMM (MEA)<br><br>**ORDER** |

On September 19, 2005, Plaintiff Gary Penny, formerly confined in the Maricopa County Tent City Jail in Phoenix, Arizona, filed a *pro se* civil rights Complaint (Doc. #1) pursuant to 42 U.S.C. § 1983. Plaintiff did not pay a filing fee, but filed a certified Application to Proceed *In Forma Pauperis* and an "Inmate Account Statement" with his Complaint. By Order filed April 6, 2006 (Doc. #6), Plaintiff's Application to Proceed was granted.

Because Plaintiff filed a "Notice of Change of Address" (Doc. #3) that indicated he had been released from custody, the Court's Order also gave Plaintiff 30 days to pay the $250.00 filing fee, or show good cause, in writing, why he was unable to pay the filing fee.

On April 25, 2006, Plaintiff filed an untitled pleading (Doc. #7) in which he noted that he was currently residing in a rehabilitation center and alleged that he did not have the income or support to pay the filing fee. For good cause shown, the Court waived the $250.00 filing fee by Order filed May 24, 2006 (Doc. #8).

- 1 -

The Order also dismissed Plaintiff's Complaint for failure to state a claim because Plaintiff had not named a proper Defendant. Plaintiff was given 30 days from the filing date of the Order to file a first amended complaint in compliance with the Court's Order.

**I. Failure to Comply with Court Order and Failure to State a Claim**

To date, Plaintiff has not filed a first amended complaint on a court-approved form as required. However, on June 16, 2006, Plaintiff filed a pleading titled "COUNT IV" (Doc. #10), in which he claims that his Fourteenth Amendment rights were violated when he went from being a borderline diabetic when he entered the Tents Jail, to being a Type II diabetic today.[1] Instead of filing a first amended complaint, Plaintiff appears to be attempting to simply add a Count IV to the original Complaint that the Court has already dismissed. This he cannot do.

In the Court's Order filed May 24, 2006 (Doc. #8), Plaintiff was informed that any amended complaint that he filed must be retyped or rewritten in its entirety on the current, court-approved form included with the Order and may not incorporate any part of the original Complaint by reference. However, Plaintiff has ignored the Court's directive and filed a pleading that is not on a Court-approved form and is not capable of standing on its own without reference to the original Complaint. Moreover, Plaintiff has not shown an affirmative link between the alleged injury in his pleading "COUNT IV" and the conduct of an individual Defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

Accordingly, Plaintiff has failed to comply with the Court's May 24, 2006 Order and has failed to state a claim upon which relief may be granted.

**II. Striking of Pleading and Dismissal of Action**

In the Court's May 24, 2006 Order, Plaintiff was specifically warned that if he failed to timely comply with every provision of the Order, the action would be dismissed pursuant to

---

[1] Plaintiff's pleading utterly fails to meet the format requirements of Rule 7.1(a) of the Local Rules of Civil Procedure.

1  Rule 41(b) of the Federal Rule of Civil Procedure.  See Ferdik v. Bonzelet, 963 F.2d 1258
2  (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the
3  court).  The Court's Order also warned that if Plaintiff failed to file the amended complaint
4  on a current, court-approved form, the amended complaint would be stricken, and the action
5  dismissed without further notice to Plaintiff.  The Court's Order further warned Plaintiff that
6  if he failed to file an amended complaint correcting the deficiencies identified in the Order,
7  the dismissal of this action would count as a "strike" under the "three strikes" provision of
8  the Prison Litigation Reform Act.  See 28 U.S.C. § 1915(g).
9  Accordingly, the Clerk of Court will be directed to strike Plaintiff's "COUNT IV" pleading
10 from the record in this action, the action will be dismissed with prejudice pursuant to Rule
11 41(b) of the Federal Rules of Civil Procedure for failure to comply with the Court's Order
12 filed May 24, 2006 (Doc. #8) and for failure to state a claim, and the Clerk of Court will be
13 directed to enter judgment accordingly and make an entry on the docket stating that the
14 dismissal for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).
15 **IT IS ORDERED:**
16 (1)  The Clerk of Court **must strike from the record** Plaintiff's pleading titled "COUNT
17 IV" (Doc. #10).
18 (2)  This action is **dismissed with prejudice** pursuant to Rule 41(b) of the Federal Rules
19 of Civil Procedure for failure to comply with the Court's Order filed May 24, 2006 (Doc. #8)
20 and for failure to state a claim, and the Clerk of Court **must enter** judgment accordingly.
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

1  (3) The Clerk of Court **must make an entry** on the docket stating that the dismissal for
2  failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).
3  DATED this 19th day of October, 2006.

4
5
6                              Stephen M. McNamee
                               United States District Judge
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 4 -